Richard M. Garbarini (RG 5496)
GARBARINI  FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

BEYOND COMICS HOLDINGS, LLC,                    Case No.: 19-cv-9523

                        Plaintiff,             **ECF CASE**

            v.                                 **COMPLAINT AND JURY DEMAND**
                                               **FOR DAMAGES FOR COPYRIGHT**
                                               **INFRINGEMENT**
,
ALPHA GROUP US, LLC,
                        Defendant.
-----------------------------------------------------------------x

        Plaintiff BEYOND COMICS HOLDINGS, LLC ("BEYOND"), by and through the

undersigned counsel, brings this Complaint and Jury Demand against defendant ALPHA

GROUP US, LLC ("AGUS") for damages based on copyright infringement and related claims

pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the

Copyright Act" or "Act"), trademark infringement pursuant to Section 43(a) of the Lanham Act,

15 U.S.C. § 1125, and Reverse Confusion under the Lanham Act.  Plaintiff alleges below, upon

personal knowledge as to itself, and upon information and belief as to other matters so indicated.

### INTRODUCTION

        1.      In 1993 plaintiff created a character under the trademark and tradename

Ravedactyl ("RAVEDACTYL").  Plaintiff copyrighted the visual aspects of the RAVEDACTYL

character the same year, U.S. Copyright Registration No. VAu 283-757. **Exhibit 1**.

2.       Plaintiff has used the RAVEDACTYL tradename in commerce from 2012 to present in numerous award-winning anime videos, action figures, and comic-books.  Plaintiff has invested a significant amount of money in marketing the RAVEDACTYL trademark world-wide.

3.       In late 2017 plaintiff created a proto-type of the RAVEDACTL action figure (the "RAVEDACTYL FIGURE"), which was then extensively marketed at trade-shows and Comic-Con's throughout the United States and the World.

4.       In 2018 plaintiff marketed its RAVEDACTYL FIGURE on the box of its sold out action figures Clio and Tricity. See **Exhibit 2**.

5.       The interest by toy sellers in the RAVEDACTYL FIGURE was surprisingly low.

6.       Plaintiff recently learned that in or about January 2018, defendant, a large action figure and toy dealer, released a similar action figure called Revadactyl (the "REVADACTYL FIGURE") and created a television program with the infringing Revadactyl trademark and visual elements of plaintiff's copyrighted RAVEDACTYL (the "REVADACTYL VIDEOS"). Defendant merely switched the "e" and "a" in plaintiff's registered incontestable trade name "RAVEDACTYL" to create the Infringing trade-name "Revadactyl".

7.       The confusion in the market place destroyed interest in plaintiff's REVADACTYL FIGURE.  Toy dealers didn't want to purchase a figure from a small independent dealer like plaintiff, when it was already selling the infringing REVADACTYL FIGURE from a huge toy conglomerate like defendant.

8.       Defendant infringed plaintiff's incontestable trade-mark pursuant to Section 43(a) of the Lanham Act, and infringed plaintiff's exclusive right to copy, creative derivatives, publicly display, and distribute its copyrighted visual works pursuant to Section 106 of the Act.

Defendant's actions satisfy the reckless disregard standard of Section 504(c)(2) of the Act entitling plaintiff to enhanced damages.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions). This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121.

10. A plaintiff may bring a case in: "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . . ;or (3) if there is no district in which an action may otherwise be brought . . . a judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."28 U.S.C. § 1391(b)(1)-(3).

11. At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

12. CPLR § 302 (a)(3) authorizes this Court to exercise jurisdiction over nondomiciliaries who commit a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if it: (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

13. Defendant reproduced, distributed, and publicly displayed the copyrighted image and trade-name at issue without license or authority from California. This is a tortious act committed without the state.

3

14.     This Court has personal jurisdiction over , on information and belief, (a) AGUS has marketed, distributed, offered for sale, and/or sold the Infringing Figure, and Infringing Video under a nearly identical trade name to persons within the State of New York; (b) AGUS regularly transacts and conducts business within

15.     Upon information and belief, a significant amount of defendant's revenue is generated by national port associations, including port associations in New York City.

16.     Defendant marketed the Infringing REVADACTYL FIGURE at the 2018 and 2019 New York Toy Fairs.

17.     Defendant marketed the Infringing REVADACTYL FIGURE at the 2018 and 2019 Comic-Cons.

18.     The Infringing REVADACTYL FIGURE is sold throughout the State of New York and in this Judicial District.

19.     The Infringing REVADCTYL VIDEOS have been posted on YouTube and marketed to this Judicial District.

20.     Defendant obviously derives substantial revenue from this Judicial District.

21.     The copyright and trademark owner resides in New York, NY, and the injury was felt in this Judicial District.

22.     Defendant was served with a notice to cease and desist, but refused.  It was, and is, aware that its tortious acts have had consequences in this state.  Further, defendant derives substantially all of its revenue from interstate or international commerce.

23.     Jurisdiction is conferred over defendant pursuant to CPLR 302(3)(i) and (ii).

### DUE PROCESS

24.     There are no due process concerns in light of the fact that defendant committed an intentional tort that it knew had an effect in this Judicial District.

25.     Defendant frequently contracts to sell the Infringing Figure in this Judicial District such that it reasonably knows it may be haled into this forum.

## PARTIES

26.     Plaintiff BEYOND COMICS HOLDINGS, LLC,. is a Delaware limited liability company with a headquarters located in 308 West 104th St., New York, NY 10025.

27.     Defendant ALPHA GROUP US, LLC is a California limited liability company with a headquarters located at 2100 Grand Ave, 5th Floor, El Segundo, California 90245.

## FACTS

28.     Plaintiff is the beneficial owner of the visual materials at issue titled RAVEDACTYL - U.S. Copyright Registration No. VAu 283-757. See **Exhibit 1**.

29.     On June 10, 2002, the application for trade-mark protection for the trade-name RAVEDACTYL was submitted to the United States Patent and Trade Mark Office (the "USPTO").

30.     On April 11, 2006 the trade name RAVEDACTYL was registered by the USPTO, and submitted for opposition.

31.     On April 10, 2011 the trade name RAVEDACTYL was deemed incontestable.

## HISTORY OF RAVEDACTYL

32.     Created in 1993, the visual aspects of plaintiff's RAVEDACTYL character received copyright protection – U.S. Copyright Registration No.  VAu 283-757, in the same year.

33.     Between 2001 and 2019, it was featured each year at multiple trade-shows and Comic-Con's throughout the United States including the San Diego Comic-Con and New York Comic-Con. See **Exhibit 3**.

5

34.     The RAVEDACTYL character appeared with the great Stan Lee at the New York Comic-Con. See **Exhibit 4**.

35.     In September 2002, nearly 300,000 individual issues of a trading card featuring the RAVEDACTYL trademark and character were distributed by Wizard magazine.

36.     The RAVEDACTYL trademark and character were featured in the 2002 comic book "Civilian Justice", which was distributed in the United States, Canada, England, Japan, and marketed worldwide on-line.

37.     In 2003, the RAVEDACTYL live-action short film won the short film award at the New York International Independent Film and Video Festival.  The short film featured Grammy award winning rapper and actor Coolio, Donald Faison star of NBC's Scrubs and the movies Clueless and Kickass 2, and David Proose, Darth Vader in the original Star Wars Trilogy (Episodes IV, V, VI).

38.     At the 2003 License Show at the Jacob Javitz Center, the RAVEDACTYL CHARACTER appeared in an advertisement as well as a featured article in License Magazine. The License Magazine advertisement and article was distributed to more than 100,000 individuals at the convention.

39.     The RAVEDACTYL trademark and character were previewed in a 2010 New York Comic-Con comic book titled "Geikedo vs. Codename Justice".  The comic book was also marketed worldwide on-line.

40.     In 2012 the RAVEDACTYL trademark, and character as well as the RAVEDACTYL FIGURE, were featured on the television shows Ice Loves Coco (a television show on E Entertainment Television; Comic-Book men on AMC, Fox and on CNBC's Buried Treasure).

41.     From 2012 to present the RAVEDACTYL trademark and character have been featured on the IMDB page for the hit television show Comic-Book Men.

42.     In 2012 the RAVEDACTYL trademark and character were featured in the Comic-Con edition of Geikedo.

43.     In November 2014, the short animated film "Ravedactyl vs. Code-Name Justice" won the HBO sponsored UAS award.

44.     In late 2017, the RAVEDACTYL FIGURE proto-type was produced by Phicen Ltd. TB League, and marketed extensively world-wide.

45.     The mark and the RAVEDACTYL FIGURE were featured at the Shanghai Comic-Con, New York Comic-Con and marketed worldwide.

46.     In 2017 the RAVEDACTYL trademark, character, and figure appeared on the back of the box for the "Clio" action figure which sold-out world-wide. See **Exhibit 5.**

47.     The RAVEDACTYL character appears as the scepter for the sold-out action-figure "Clio". See **Exhibit 6**.

48.     In 2018 the sold-out "Tricity" action figure featured the RACEDACTYL CHARACTER and trade name on the cover of the box.  "Tricity" was marketed and sold world-wide. See **Exhibit 7**.

49.     In 2018, the comic-book "Geikedo" prominently featured the RAVEDACTYL trademark and character.  Geikedo also had an advertisement for the RAVEDACTYL FIGURE and was distributed to every comic book store world-wide by Diamond, the distributer for Marvel and DC. See **Exhibit 8**.

**THE INFRINGEMENTS**

50.     Defendant market its goods as REVADACTYL. See below.



51.     In early 2018, defendant released a very similar action figure under the name Revadactyl (the "REVADACTYL FIGURE").  Defendant also released scores of animated shorts featuring the infringing REVADACTYL mark and character.

52.     This is a violation of plaintiff's exclusive right to copy, distribute, create derivative works, and publicly display the copyrighted visual aspects of the RAVEDACTYL character pursuant to 17 U.S.C. § 106.

53.     The REVADACTYL trademark and the RAVDECTYL trademark: (i) are sold in the identical space, (ii) for the same goods, (iii) the marks are nearly identical, (iv) the marks sound nearly identical, (v) have the same meaning, and (vi) the REVADACTYL mark is likely to cause, and has caused, confusion in the market-place.

54.     Defendant has violated plaintiff's trademark rights pursuant to Section 43 of the Lanham Act.

## THE REVADACTYL AND RAVEDACTYL FIGURES

55.     Defendant's REVADACTYL FIGURE mimics the red body and glowing green eyes of plaintiff's RAVEDACTYL FIGURE. See below.

| Plaintiff's RAVEDACTYL FIGURE | Defendant's REVADACTYL FIGURE |
|---|---|



56.     Defendant has violated plaintiff's exclusive right to copy, distribute, create derivative works, and publicly display as set forth in the Copyright Act, 17 U.S.C. § 106.

57.     Defendant's low quality goods has substantially impaired plaintiff's good will.

58.     The confusion created by defendant in the market-place violated Section 43 of the

Lanham Act.

**THE INFRINGING VISUAL WORKS**

59.     Defendant also released visual short films which uses the trademark and

copyrighted visual elements of plaintiff's RAVEDACTYL character. See below.



| Plaintiff's REVADACTYL VISUAL MEDIA | Defendant's RAVADACTYL VISUAL MEDIA |
|---|---|

60.     The use of the REVADACTYL trademark in each of defendant's visual works

constitutes a violation of Section 43 of the Lanham Act.

61.     Defendant's use of very similar visual elements is a violation of plaintiff's

exclusive right to copy, distribute, create derivative works, and publicly display as set forth in the

Copyright Act, 17 U.S.C. § 106.

10

62.     This alone entitles plaintiff to enhanced damages pursuant to 17 U.S.C. 504(c)(2).

63.     Defendant blatantly disregarded to license the Copyrighted Image prior to commercial use, and had no authority at any time to create a derivative image.  This also entitles plaintiff to enhanced damages pursuant to 17 U.S.C. 504(c)(2).

64.     Defendant has infringed plaintiff's right to copy, distribute, create derivative works, and publicly display the Copyrighted Image pursuant to 17 U.S.C. § 106.  Plaintiff is entitled to its actual damages, as well as defendant's profit in excess of plaintiff's actual damages.  Alternatively, plaintiff may elect an enhanced statutory damage of as much as $150,000 but in no case less than $30,000, plus its reasonable attorneys' fees, costs, pre/post judgment interest.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. §§ 101 et seq.**

65.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

66.     It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the REVADACTYL character.

67.     Defendant without license or authority from plaintiff, reproduced, created a derivative image, publicly displayed the derivative, and distributed the unlicensed derivative of plaintiff's REVADACTYL character.

68.     Defendant copied, created a derivative work, publicly displayed the derivative, and distributed the unlicensed derivative of plaintiff's REVADACTYL character solely for the purpose of commercial gain.

69.     A demand was made for defendant to cease and desist. **Exhibit 9**.

11

70.     Defendant has refused to cease and desist.

71.     Should plaintiff elect an award of statutory damages, only an award at the top of the statutory scale will serve as a deterrent to defendant.

72.     At all times relevant to this Complaint, defendant's use of the REVADACTYL character, and the unlicensed derivative of the REVADACTYL character was not used for criticism, comment, news reporting, teaching, scholarship, or research.

73.     At all times relevant to this Complaint, defendant's use was not transformative. Defendant elected to reproduce, created a derivative image, publicly displayed the derivative, and distributed the unlicensed derivative of plaintiff's REVADACTYL character, using the entirety of the REVADACTYL character, without a license.

74.     As a direct and proximate result of defendant's unlicensed actions and omissions, defendant infringed plaintiff's exclusive rights to the REVADACTYL character as set forth in Section 106 of the Act.  Plaintiff has incurred damages, and requests an award of plaintiff's actual damages, and defendant's profits in excess of plaintiff's actual damages.  Plaintiff may also elect to recover a statutory damage award.  Defendant's acts were in reckless disregard of plaintiff's rights, and plaintiff is entitled to enhanced damages of up to $150,000 pursuant to 17 U.S.C. § 504(c)(2).

**SECOND CLAIM FOR RELIEF**
**CONFUSION PURSUANT TO**
**SECTION 43 OF THE LANHAM ACT**

75.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

76.     Section 43(a) similarly prohibits any person from "us[ing] in commerce," in connection with any goods or services, "any word, term, name, symbol, or device, or any

combination thereof . . . which . . . is likely to cause confusion, or to cause mistake, or to deceive . . . as to the origin, sponsorship, or approval of his or her goods [or] services . . . by another person . . . ." 15 U.S.C. § 1125(a)(1).

      a. Plaintiff invested a great deal in the strength of its mark and RAVEDACTYL is highly distinctive.  The RAVEDACTYL mark is a registered, incontestable mark, and it is thus presumptively distinctive.

      b. Defendant and plaintiff's mark are nearly identical.  Defendant merely reversed the "a" and "e" in plaintiff's mark.  The mark's overall impression on a consumer is likely to cause confusion. The marks sound the same, look the same, are used for the same products, sold in the same area, and to the same consumers.

      c. The marks are used in the identical areas of commerce.  They are used in identical geographic proximity and market proximity

      d. There has been actual consumer confusion.  At nearly every trade show purchasers and consumers have brought up that they have confused the goods.

      e. Here, defendant clearly acted in bad faith or was otherwise reprehensible in adopting the mark.  There is no chance defendant did not know of plaintiff's mark or discovered it in a trademark search.

      f. The quality of the defendant's products is atrocious; and the relevant consumer group is children and not sophisticated.

77.     Based on the above, defendant has created confusion in the marketplace.

78.     Plaintiff is entitled to an injunction stopping defendant from any further use of the REVADACTYL mark, and recalling all goods currently on the market.

79.     Plaintiff is also entitled to (1) an accounting of an infringer's prof-its (i.e., money the infringer made from the infringement), (2) the actual damages plaintiff sustained, (3) a reasonable royalty representing a measure of the plaintiff's damages, (4) attorney's fees, and (5) costs.

## THIRD CLAIM FOR RELIEF
## REVERSE CONFUSION

80.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

81.     At bar the consumer will believe that the plaintiff's mark is the source of the defendant's goods.

82.     Defendant produces low quality action figures, and cheap animation.  Plaintiff produces ultra-high quality figures and anime.

83.     Being associated with the defendant seriously damages plaintiff's brand.

84.     Consumers have believed, and may believe in the future, that the plaintiff is an unauthorized infringer, and the defendant's use of the mark has injured plaintiff's reputation and impaired its good will.

85.     Defendant intentionally set out to cause reverse confusion.

86.     Defendant deliberately intended to push the plaintiff out of the market by flooding the market with advertising.

87.     Defendant knew or should have known of the plaintiff's mark.

88.     Defendant intended to copy the plaintiff.

89.     Defendant failed to conduct a reasonably adequate trademark search.

90.     Defendant is otherwise culpably disregarded the risk of reverse confusion.

91.     Plaintiff is also entitled to (1) an accounting of an infringer's prof-its (i.e., money the infringer made from the infringement), (2) the actual damages plaintiff sustained, (3) a reasonable royalty representing a measure of the plaintiff's damages, (4) attorney's fees, and (5) costs.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1.     restitution of defendant's unlawful proceeds in excess of plaintiff's compensatory damages;

2.     compensatory damages in an amount to be ascertained at trial;

3.     a statutory damage award, including all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4.     plaintiff's reasonable attorneys' fees and costs incurred in this action (17 U.S.C. § 505);

5.     on the trademark claims: (1) an accounting of an infringer's profits, (2) the actual damages plaintiff sustained, (3) a reasonable royalty representing a measure of the plaintiff's damages, (4) plaintiff's reasonable attorney's fees, and (5) costs;

6.     pre- and post-judgment interest to the extent allowable; and,

7.     such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: October 16, 2019          **GARBARINI FITZGERALD P.C.**
       New York, New York

                                 By: _Richard M. Garbarini_
                                     Richard M. Garbarini (RG 5496)

15